UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NEXBANK, SSB, a Texas corporation,

        Plaintiff,

v.                                              Civil Action No.:

BAC HOME LOAN SERVICING, LP, a Texas
limited partnership, BAC GP, LLC, a Nevada limited
liability company, COUNTRYWIDE HOME LOANS,
INC., a New York corporation, COUNTRYWIDE
SECURITIES CORPORATION, a California
corporation and COUNTRYWIDE FINANCIAL
CORPORATION, a Delaware corporation,

        Defendants.
_____

## NOTICE OF REMOVAL

      PLEASE TAKE NOTICE that, on this date, defendants BAC Home Loan Servicing, LP ("BACHLS"), BAC GP, LLC ("BAC GP"), Countrywide Home Loans, Inc. ("CHL"), Countrywide Securities Corporation ("CSC"), and Countrywide Financial Corporation ("CFC"), (collectively, the "Removing Defendants") hereby remove the above-captioned case pending in the 160th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas.[1] The grounds for removal are set forth below.

## SUMMARY

      1.      All claims and causes of action in this matter may be removed to this Court under 28 U.S.C. § 1441(a) and (b) because (i) this Court has exclusive original jurisdiction over Count VII of plaintiff's petition pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the remaining claims asserted pursuant to 28 U.S.C. § 1367 since Count VII of plaintiff's complaint

---

[1] The Removing Defendants appear specifically for the purpose of removal only. They reserve all defenses, jurisdictional or otherwise, available to them.

for violation of the Securities and Exchange Act § 10(b), 15 U.S.C. §78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, is a claim arising under federal law and (ii) this Court has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of the parties' complete diversity of citizenship.

## PROCEDURAL HISTORY

2.      On February 15, 2010, Nexbank, SSB ("Plaintiff") filed a summons and petition against BACHLS, BAC GP, CHL, CSC, and CFC in the 160th Judicial District Court for Dallas County, Texas.  The case was captioned Nexbank SSB v. BAC Home Loans Servicing, LP, et al. and was assigned case number DC-10-01752.

3.      The action concerns Nexbank's purchase of residential mortgage-backed securities issued by a series of trusts containing mortgage loans originates by CHL. The securities purchased by Nexbank are designated as CWALT, Inc., Mortgage Pass-Through Certificates, Series 2006-OA16 A2, CWALT, Inc., Mortgage Pass-Through Certificates, Series 2006-OA19 A2, and GSC Capital Corp. Mortgage Trust 2006-1, Mortgage-Backed Notes, Series 2006-1.

4.      Generally, Nexbank's petition asserts that it was deceived about the quality of the collateral underlying the certificates and the servicing that would be performed on the mortgage loans. The petition asserts a variety of claims, including claims arising under the Securities Act of 1933 (the "Securities Act") under 15 U.S.C. § 77l, the Securities and Exchange Act of 1934 (the "Exchange Act") under 15 U.S.C. §78j(b) and 17 C.F.R. §240.10b-5, Tex. Rev. Civ. Stat. art 581-33A and 581-33F, as well as common law claims for fraud, constructive fraud, negligent misrepresentation, negligence, tortuous interference with a contract, tortuous interference with

expectancies, breach of fiduciary duty, and breach of contract. The Removing Defendants dispute that they have any liability to Nexbank.

5.      Plaintiff has demanded a trial by jury on all issues so triable.

6.      The Removing Defendants filed a Notice of Removal on March 22, 2010 and removed the case to the United Stated District Court for the Northern District of Texas, Dallas Division.  The case was captioned <u>Nexbank SSB v. BAC Home Loans Servicing, LP, et al.</u> and was assigned case number 3:10-CV-561-K.

7.      Plaintiff moved to remand the case to the 160th Judicial District Court for Dallas County on April 9, 2010 based on the non-removal provision of their claim under the Securities Act despite also including a claim under the Exchange Act that grants exclusive jurisdiction to the federal district courts.

8.      District Judge Kinkeade remanded the case by order entered September 15, 2010 (the "Order") based on the Securities Act claim.

9.      On February 9, 2011, Judge Jordan heard arguments on three motions: (1) Defendant Countrywide Financial Corporation's Amended Special Appearance to Present Motion Objecting to Jurisdiction and, Subject Thereto, First Amended Answer; (2) Defendants' Pleas to Jurisdiction, Pleas in Abatement and Special Exceptions filed contemporaneously with the Original Answer to Defendants BAC Home Loan Servicing, LP, BAC GP, LLC, Countrywide Home Loans, Inc., and Countrywide Securities Corporation;  and, (3) Defendants' Motion for Partial Summary Judgment.

10.     Defendant's Motion for Partial Summary Judgment concerned Plaintiff's Securities Act claim.  Judge Jordan agreed that Nexbank could not succeed as a matter of law on its Securities Act claim against any of the Removing Defendants and granted the motion on

February 14, 2011, thereby eliminating Plaintiff's Securities Act claim and the sole impediment for removal.

11.     The Removing Defendants immediately filed this Notice of Removal.   In accordance with 28 U.S.C. § 1446(a) and Northern District of Texas Local Rule 81.1, attached hereto as Exhibits "A" through "C" are the following documents.

| | |
|---|---|
| Exhibit "A" | an index of all documents filed in the state court action which clearly identifies each document and indicates the date the document was filed in state court; |
| Exhibit "B" | a copy of the docket sheet in the state court action; and |
| Exhibits "C1-C22" | each document filed in the state court action is attached as an individual exhibit. |

12.     The earliest date Nexbank served any of the Removing Defendants was February 23, 2010. Accordingly, this Notice of Removal is timely filed within the requirements of 28 U.S.C. § 1446(b).

13.     There is no motion or other proceedings in this action pending in the 160th Judicial District Court for Dallas County, Texas that would affect the removal of the entire suit.

## REMOVAL UNDER 28 U.S.C. § 1441(b)

14.     Removal is proper under subsection (b) of section 1441, which provides that:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treatise or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

15.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, which states, in pertinent part, as follows:

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III of the United States Constitution.

### Federal Question Jurisdiction

16.     Removal is proper under 28 U.S.C. § 1441(b) because this Court has original jurisdiction over this matter as Count VII of Nexbank's complaint for violation of the Exchange Act § 10(b) and Rule 10b-5 arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

### A.     "Arising Under"

17.     A suit arises under federal law if some substantial, disputed question of federal law appears on the face of plaintiff's well-pled complaint. See Franchise Tax Bd. v. Constr. Laborers Vac. Trust, 436 U.S. 1, 12, 103 S.Ct. 2841, 2848 (1983); Carpenter v. Witchita Falls Indep. Sch. Dist., 44 F.3d 362 (5th Cir. 1995).

18.     Nexbank purports to allege a violation of federal law under Count VII of its petition, stating, among other things, that the Removing Defendants have "engaged in transactions, acts, practices, and courses of business which operated or would operate as a fraud or deceit upon purchasers of securities, including Nexbank," in violation of §10(b) and Rule 10b-5 of the  Exchange Act.  Pet. at ¶ 209. The Removing Defendants dispute that any violation of the Exchange Act occurred, or that they are liable to plaintiff for any damages stemming from the claims and allegations contained in the petition.

19.     The Exchange Act grants exclusive subject matter jurisdiction to the federal district courts when any transaction constituting a violation has allegedly occurred. 15 U.S.C. § 78aa; Busch v. Buchman, Buchman & O'Brien, Law Firm, 11 F.3d 1255 (5th Cir. 1994). Section 27 of the Exchange Act provides:

> The district courts of the United States and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this chapter or the rules and regulations thereunder.

§27, 15 U.S.C. §78aa.  Thus, Count VII of plaintiff's petition asserts a federal claim within the exclusive, original jurisdiction of the federal courts, making removal under section 1441(b) proper. See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 156-157, 118 S.Ct. 523, 525 (1997)(determining that the district courts' original jurisdiction encompasses cases "arising under" federal law and that an action satisfies this requirement when the plaintiffs' well-pled complaint raises an issue of federal law); Spector v. L.Q. Motor Inns, Inc., 517 F.2d 278 (5th Cir. 1975)(Exchange Act claims falls within the exclusive subject matter jurisdiction of federal courts).

**B.     Supplemental Jurisdiction**

20.     Moreover, this Court has supplemental jurisdiction as to Nexbank's remaining state law claims since it has original federal question jurisdiction over the Exchange Act claim. See 28 U.S.C. §1367.

21.     Accordingly, this action is removable under 28 U.S.C. § 1441(b) since this Court has original federal question jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

## REMOVAL UNDER 28 U.S.C. § 1441(a)

22.     This action is also removable under 28 U.S.C. § 1441(a), which provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

## <u>Diversity Jurisdiction</u>

23.    Removal is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.    As acknowledged in Judge Kinkeade's September 15, 2010 Order, "Nexbank and [the Removing Defendants] are completely diverse and there is more than $75,000 at stake."

### A.    The Amount-in-Controversy Requirement

24.    This action satisfies the amount-in-controversy requirement of 28 U.S.C. § 1332(a) since Nexbank alleges an amount in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs. Pet. at ¶¶ 2, 14 & 160; <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489, 492 (5th Cir. 1996)(when plaintiff's monetary damages are stated in the complaint, the defendant can rely on that allegation to meet the jurisdictional requirement).

25.    Specifically, plaintiff alleges that it has been damaged "in excess of $11,000,000 dollars" as a result of the Removing Defendants' conduct. Pet. at ¶¶ 14 & 160.  The Removing Defendants deny that plaintiff is entitled to any monetary recovery or other relief with respect to the allegations and claims asserted in its petition.

### B.    Complete Diversity of Citizenship

26.    This action also satisfies the complete diversity requirement of 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states. The Removing Defendants are citizens of California, Delaware, New York and North Carolina. Plaintiff is a citizen of Texas.

27.    No defendant is a citizen of the forum state. <u>See</u>  28 U.S.C. § 1441(b).

*Plaintiff Nexbank, SSB is a citizen of Texas*

28.     For purposes of 28 U.S.C. § 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business…" 28 U.S.C. § 1332(c)(1).

29.     As alleged in the petition, Nexbank is a corporation organized under the laws of Texas with its principal place of business in Dallas, Texas. Compl. at ¶ 3. Thus, for diversity purposes, plaintiff is a citizen of Texas. See 28 U.S.C. § 1332(c)(1).

*Defendant Countrywide Home Loans, Inc. is a citizen of California and New York*

30.     CHL is incorporated in the State of New York, with its principal place of business in Calabasas, California. Pet. at ¶ 6. As such, CHL is a citizen of both New York and California for diversity purposes. See 28 U.S.C. § 1332(c)(1).

*Defendant Countrywide Securities Corporation is a citizen of California*

31.     CSC is a corporation organized under California law. Pet. at ¶ 7. Its principal place of business is located in Westlake Village, California. Id. Therefore, CSC is considered a citizen of California. See 28 U.S.C. § 1332(c)(1).

*Defendant Countrywide Financial Corporation is a citizen of California and Delaware*

32.     CFC is a corporation organized under the laws of the State of Delaware and has a principal place of business in West Hills, California. Pet. at ¶ 8. Thus, CFC is a citizen of both Delaware and California for diversity purposes. See 28 U.S.C. § 1332(c)(1).

*Defendant BAC Home Loans Servicing, LP is a citizen of North Carolina*

33.     The Supreme Court has made clear that for purposes of diversity jurisdiction a limited partnership's citizenship is determined by the citizenship of all of its members, including both limited and general partnership members. See C.T. Carden v. Arkoma Assoc., 494 U.S.

185, 196, 110 S.Ct. 1015, 1021 (1990); see also, Grupo DataFlux v. Atlas Global Group, L.P.,

541 U.S. 567, 124 S.Ct. 1920 (2004)(a limited partnership is a citizen of each state or foreign

country of which any of its partners is a citizen). Extending this logic, the Fifth Circuit recently

concluded that the citizenship of a limited liability company is determined by the citizenship of

all of its members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). Moreover,

citizenship of unincorporated associations, including both limited partnerships and limited

liability companies, must be traced through each layer of the entity, however many there may be.

Mullins v. TestAmerica, Inc., 564 F.3d 386, (5th Cir. 2009); Deep Marine Technology, Inc. v.

Conmaco/Rector, LP, 515 F.Supp.2d 760, 766 (S.D. Tex. 2007).

      34.    Here, BACHLS is a limited partnership organized under the laws of the State of

Texas. Pet. at ¶ 4. It has two members:  (i) BAC GP, which is a limited liability company

organized in Nevada, and (ii) BANA LP, LLC, a limited liability company organized in

Delaware.  Id. at ¶ 5; see Exhibit C-1.  BAC GP and BANA LP, LLC share a sole member: Bank

of America, National Association ("BOA, N.A."), a national banking association with its main

office located in Charlotte, North Carolina. See Exhibit C-1.

      35.    National banking associations are "deemed citizens of the States in which they are

respectively located." 28 U.S.C. § 1348. The Supreme Court has construed section 1348 to mean

that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set

forth in its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307,

126 S.Ct. 941, 943 (2006). Since BOA, N.A.'s main office is located in Charlotte, North

Carolina, it is considered a citizen of North Carolina for diversity purposes. Cavadi v. Bank of

America, N.A., 2007 WL 3226166 (D. N. H. October 30, 2007)(diversity jurisdiction existed

between a Massachusetts plaintiff and defendant BOA, N.A. since the defendant was "located" in North Carolina).

36.     Because the citizenship of an unincorporated association is determined by the citizenship of all of its members, BACHLS is a citizen of North Carolina for diversity purposes. See Harvey, 542 F.3d at 1080-1081.

### Defendant BAC GP, LLC is a citizen of North Carolina

37.     As mentioned above, BAC GP is a limited liability company organized in Nevada. Pet. at ¶ 5; see Exhibit C-1.  BAC GP, LLC has one member, BOA, N.A., a national banking association that is located in North Carolina. See Exhibit C-1. As such, BAC GP is considered a citizen of North Carolina for diversity purposes. Id.

38.     The foregoing analysis confirms that the complete diversity requirement of 28 U.S.C. § 1332 is satisfied. The amount-in-controversy requirement of section 1332 is also satisfied, as discussed above. Therefore, this Court has original jurisdiction and removal of this action is proper under 28 U.S.C. §1441(a).

## OTHER PROCEDURAL REQUIREMENTS

39.     Promptly upon the filing of this Notice of Removal, a true copy of it will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to Federal Rule of Civil Procedure 5(d), the Removing Defendants will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

40.     Concurrently with the fling of this Notice of Removal, the Removing Defendants shall file a Notification of Filing of Notice of Removal with the Clerk of the 160th Judicial District Court for Dallas County, Texas in accordance with 28 U.S.C. § 1446(d).

41.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. See 28 U.S.C. § 1446(a).

42.     All of the Removing Defendants join in this Notice of Removal and consent to the removal of this action to this Court, subject to and without waiving any defenses and rights available to them.

WHEREFORE, this action should proceed in the United States District Court for the Northern District of Texas, as an action properly removed to this Court.

Respectfully submitted,


/s/ Cole B. Ramey
Cole B. Ramey
State Bar No. 16494980
Patrick J. Carew
State Bar No. 24031919
Crouch & Ramey, LLP
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7100
Telecopier: (214) 922-7101
cramey@crouchfirm.com
pcarew@crouchfirm.com

William E. Adams, Jr.
Florida Bar No. 0467080
Gunster, Yoakley & Stewart, P.A.
225 Water Street, Suite 1750
Jacksonville, Florida 32202
Telephone: (904) 354-1980
Telecopier: (904) 350-5960
badams@gunster.com

**ATTORNEYS FOR DEFENDANTS BAC HOME LOAN SERVICING, LP; BAC GP, LLC; COUNTRYWIDE HOME LOANS, INC.; COUNTRYWIDE SECURITIES CORP.; AND COUNTRYWIDE FINANCIAL CORP.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served via certified mail, return receipt requested on this 14th day of February 2011, on the following:

Ernest Leonard
**FRIEDMAN & FEIGER, LLP**
5301 Spring Valley Road, Suite 200
Dallas, TX 75254

John M. Edgar
John D. Stasny
**EDGAR LAW FIRM, LLC**
1032 Pennsylvania Avenue
Kansas City, MO 64105

/s/ Cole B. Ramey
Cole B. Ramey