**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **NEXBANK, SSB, a Texas** | § | |
| **corporation**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-00279-L** |
| | § | |
| **BAC HOME LOAN SERVICING, LP, a** | § | |
| **Texas limited partnership, BAC GP,** | § | |
| **LLC, a Nevada limited liability** | § | |
| **company, COUNTRYWIDE HOME** | § | |
| **LOANS, INC., a New York** | § | |
| **Corporation, COUNTRYWIDE** | § | |
| **SECURITIES CORPORATION, a** | § | |
| **California corporation, and** | § | |
| **COUNTRYWIDE FINANCIAL** | § | |
| **CORPORATION, a Delaware** | § | |
| **corporation**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Nexbank's Second Motion to Remand, filed March 4, 2011, and request for attorney's fees and costs incurred as a result of the second removal. After carefully reviewing the motion, briefs, record, and applicable law, the court **grants** Plaintiff's Nexbank's Second Motion to Remand and **denies** Plaintiff's request for attorney's fees and costs.

**I.      Factual and Procedural Background**

Plaintiff Nexbank SSB ("Plaintiff"), a Texas bank, originally filed this case on February 15, 2010, in the 160th Judicial District Court, Dallas County, Texas, asserting various common law and statutory state law claims, as well as federal securities claims under section 12(a)(2) of the Securities Act of 1933 ("1933 Act") and section 10(b) of the Securities Exchange Act of 1934 ("1934 Act"),

**Memorandum Opinion and Order – Page 1**

based on the alleged misconduct of Defendants related to three mortgage-backed securities (CWALT 2006-OA19 A2; CWALT 2006-OA16 A2; and GSCC 2006-1 A1) purchased by Plaintiff.  Plaintiff purchased the mortgage-backed securities in 2007 from several Countrywide entities: BAC Home Loan Servicing, LP; BAC GP, LLC; Countrywide Home Loans, Inc.; Countrywide Securities Corporation; and Countrywide Financial Corporation (collectively "Defendants"). After the value of the securities purchased declined, Plaintiff brought an action against Defendants in Dallas County, Texas, seeking more than $11 million in alleged damages.

On March 22, 2010, Defendants removed the case to federal court based on federal question and diversity jurisdiction.  The case was originally assigned to Judge James E. Kinkeade.  On April 19, 2010, Plaintiff filed a motion to remand.  Defendants responded, contending that Plaintiff's 1933 Act claim was baseless and improperly joined with the section 10(b) claim solely to frustrate federal jurisdiction and therefore should not be considered for purposes of determining whether the court had jurisdiction based on Plaintiff's section 10(b) claim under the 1934 Act.

More specifically, Defendants contended that Plaintiff's 1933 Act claim failed as a matter of law because Plaintiff purchased the securities at issue in the aftermarket, not the initial public offering.  Defendants also argued that the nonremoval provision applicable to Plaintiff's 1933 Act claim did not preclude removal of Plaintiff's section 10(b) claim under the 1934 Act because federal courts have exclusive jurisdiction over such claims.  In support of their contention that Plaintiff's claim was baseless because it purchased the securities at issue in the aftermarket, Defendants presented the declaration of Defendant Countrywide Securities Corporation's president Michael W. Schloessmann ("Schloessmann").

**Memorandum Opinion and Order – Page 2**

Because of the lack of Fifth Circuit precedent and the split of authority on the issue of whether section 12(b) claims are limited to initial public offerings, Judge Kinkeade rejected Defendants' argument that Plaintiff's 1933 Act claim was baseless and improperly joined with the section 10(b) claim solely to frustrate federal jurisdiction.  Judge Kinkeade further concluded that Plaintiff's 1933 Act claim was not removable under 15 U.S.C. § 77v(a) (2009).  Because of the state of the law on this issue, it was not necessary for Judge Kinkeade to look beyond Plaintiff's pleadings.

Judge Kinkeade went on to note that while federal courts have exclusive jurisdiction over section 10(b) claims under the 1934 Act, removal is improper in situations involving removable and nonremovable claims unless the claims satisfy 28 U.S.C. § 1441(c)'s "separate and independent" test.  Because both the removable and nonremovable claims arose out of Plaintiff's purchase of the mortgage-backed securities from Defendants in 2007 and stemmed from a single wrong, Judge Kinkeade determined that the section 10(b) claim was not "separate and independent" from the 1933 Act claim.  Judge Kinkeade therefore concluded that the court lacked subject matter jurisdiction and remanded the action to state court on September 15, 2010.

After the case was remanded to state court, Defendants filed a motion for partial summary judgment on December 29, 2010, on two grounds.  The first ground was the same as that asserted in support of Defendants' prior response in opposition to Plaintiff's first motion to remand, that is, that Plaintiff's 1933 Act claim failed as a matter of law, because Plaintiff purchased the securities at issue in the aftermarket rather than at an initial public offering.  Defendants also contended for the *first* time that Plaintiff's 1933 Act claim failed as a matter of law, because the securities at issue were acquired by the Plaintiff after the ninety-day maximum window closed for delivery of a

prospectus, and the 2006-OA19 security certificates purchased by the Plaintiff did not require the delivery of a prospectus.  In support of their motion, Defendants presented an affidavit by Schloessmann, which included facts supporting the new legal theory raised by Defendants.  Other than this, Schloessmann's affidavit was virtually identical to the declaration previously submitted in support of Defendants' opposition to Plaintiff's first motion to remand and position that the aftermarket purchase of securities was fatal to Plaintiff's 1933 Act claim.  On February 14, 2011, the state court granted Defendants' motion in a one-page order, which is silent as to the court's reasoning for granting the motion.  On the same day, immediately after receiving the state court's order, Defendants filed a second notice of removal based on diversity jurisdiction, federal question jurisdiction over Plaintiff's section 10 and Rule 10(b)(5) securities claim, and supplemental jurisdiction over Plaintiff's state law claims.  On March 4, 2011, Plaintiff moved again to remand the action to state court.  Defendants filed a response in opposition to the motion to remand on April 1, 2011.

## II.    Applicable Legal Standard for Removal

Because removal raises significant federalism concerns, the removal statute is to be construed strictly against removal and in favor of remand.  *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  Once a motion to remand is filed, the burden falls on the party asserting federal jurisdiction to show that the requirements for removal have been met.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Defendants therefore have the burden of establishing that the requirements for removal have been met.

The statute that governs the procedure for removing civil cases is 28 U.S.C. § 1446(b).  This statute provides:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). The first paragraph of section 1446(b) applies to cases that are removable based on the initial pleading. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir. 1998). The second paragraph applies only to cases that are *not* removable based on the initial pleading. *Id.* Thus, removal under section 1446(b) can only occur in one of two ways. A notice of removal must either be filed within thirty days after the defendant receives a copy of the Plaintiff's initial pleading, or if the case is not initially removable, a notice of removal must be filed within thirty days of an event under the second paragraph of 1446(b) "*from which it may first be ascertained* that the case is one which is or has become removable." § 1446(b) (emphasis added). While section 1446(b) contemplates, and the Fifth Circuit has held, that successive removals under section 1446(b) are permitted, such removals must be based on newly acquired facts or subsequent events that reveal a new basis for removal. *See S.W.S. Erectors, Inc. v. Infax Inc.*, 72 F.3d 489, 492-94 (5th Cir. 1996).

**III.    Analysis**

Plaintiff contends that Defendants' second removal is procedurally defective under section 1446(b), violates the voluntary-involuntary rule applicable to successive removals, and is based on the same improper joinder argument previously considered and rejected by Judge Kinkeade.

**Memorandum Opinion and Order – Page 5**

Plaintiff also contends that the court lacks subject matter jurisdiction and removal based on the state court's order dismissing Plaintiff's 1933 Act claim is improper, as the state court's order is not final and subject to appeal.  The court disagrees with Plaintiff's contention that the court lacks subject matter jurisdiction and concludes that the issue is not one of subject matter jurisdiction but instead of procedure, that is, whether the removal statute and applicable law allow Defendants to remove at this juncture.

Defendants counter Plaintiff's assertions by contending that the state court's order granting partial summary judgment and dismissing Plaintiff's 1933 Act claim removed the prior impediment to removal.  Defs.' Resp. 2.  Defendants therefore contend that Plaintiff's argument incorrectly assumes the necessity of an improper joinder analysis.  Defendants further contend that, unlike the state court, Judge Kinkeade declined to pierce Plaintiff's pleadings to examine the merits of its 1933 Act claim and instead considered only the state of the law to determine whether a section 12, 1933 Act claim can exist when securities are purchased in the aftermarket and whether Plaintiff had pled a *prima facie* case under the 1933 Act.  Additionally, Defendants assert:

> Rather than asking this court to contradict Judge Kinkeade's earlier position, Defendants ask, *if actually needed, the court to address matters unresolved by Judge Kinkeade's order.  Defendants respectfully submit that the controlling question here – whether a claim lies under the '33 Act when there is no mandatory obligation to distribute a prospectus – is different than that considered before* and was definitively answered by *Gustafson v. Alloyd Company, Inc.*, 513 U.S. 561 (1995).

Defs.' Resp. 6 (emphasis added).

In addition, Defendants contend that the voluntary-involuntary rule is inapplicable here because it only applies in diversity cases, not federal question cases.  Alternatively, Defendants contend that even if applicable in the federal question context, the voluntary-involuntary rule does

not apply in removal cases such as this when the plaintiff improperly joined a claim to avoid removal.  Defendants contend that Plaintiff's 1933 Act claim fails as a matter of law and was improperly joined, because "[r]egardless of the split of authority among various Circuit and District courts regarding whether Section 12 liability may attach with regard to any aftermarket transaction, no court has <u>ever</u> held that Section 12(a)(2) liability can attach outside of the period in which delivery of a prospectus is required."  *Id.* at 13 (emphasis in original).  According to Defendants, the securities purchased by Plaintiff had been on the market for almost one year, long after the ninety-day period after the initial public offering in which delivery of a prospectus may be required.

Defendants contend that "[w]ith the issue thus framed, [state court] Judge Jordan did what Judge Kinkeade declined to do – look through Nexbank's pleadings to determine whether there was any basis for its claim under the '33 Act."  *Id.*  According to Defendants, although Judge Kinkeade had the authority to look beyond Plaintiff's pleadings, he did not examine the merits of Plaintiff's 1933 Act claim, whereas the state court did perform such an analysis in ruling on Defendants' summary judgment motion.  Because the state court dismissed Plaintiff's 1933 Act claim, Defendants maintain that "Nexbank's '33 Act claim was baseless and was fraudulently joined [[1]] in an obvious attempt to divest this court of jurisdiction over the remaining claims."  *Id.* at 14.  For these reasons, Defendants contend removal was proper, and Plaintiff's motion to remand and request for attorney's fees should be denied.  Although Defendants assert that the court need not conduct

---

[1] In *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992 (2005), the Fifth Circuit "adopt[ed] the term 'improper joinder' as being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past.  Although there is no substantive difference between the two terms, 'improper joinder' is preferred."  *Id*. at 572.  Accordingly, the court uses the term "improper joinder" in this opinion to address Defendants' fraudulent joinder argument.

an improper joinder analysis in light of the state court's order dismissing Plaintiff's 1933 Act claim, the court, nevertheless, considers Defendants' improper joinder arguments since a significant amount of their response is devoted to this issue.

### A.    Defendants' Improper Joinder Arguments

Defendants maintain that Plaintiff's claim under the 1933 Act was improperly joined from the outset, and the state court order granting their motion for partial summary as to Plaintiff's 1933 Act claim opened the door to a second removal.  As a preliminary matter, the court notes that improper joinder refers to the improper joinder of parties, not claims.  Similar to improper joinder cases, however, a defendant may remove an improperly or fraudulently pleaded claim that would ordinarily be nonremovable.  *See Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).  ("The fact that Jones Act claims are ordinarily not removable does not prevent this inquiry. Lawsuits in which non-diverse defendants have been joined are ordinarily non-removable as well. Nonetheless defendants are permitted to demonstrate that parties–or claims–are baseless in law and fact and serve only to frustrate federal jurisdiction."); *see also Lewis v. Fresne*, 252 F.3d 352 (5th Cir. 2001) (analyzing removal of claim under the Securities Act of 1933).

Neither party disputes that Defendants asserted and Judge Kinkeade previously considered whether Plaintiff's purchase of securities in the aftermarket was dispositive as to Plaintiff's 1933 Act claim.  Consequently, this ground cannot serve as a basis for Defendants' second removal. *S.W.S. Erectors, Inc.*, 72 F.3d 489 at 492 ("[A] defendant is precluded  . . .  from seeking a second removal on the same ground.").  Defendants also maintain that they asserted, but Judge Kinkeade did not address, the argument that Plaintiff's 1933 Act claim is baseless because Section 12(a)(2) liability cannot attach outside of the period in which delivery of a prospectus is required.  *See* Defs.'

Resp. 6-7.  A careful review of the record, however, reveals that neither this ground, nor the related facts and evidence, were presented in support of Defendants' first attempt at removal, even though they have taken the position all along that Plaintiff's 1933 Act was improperly or fraudulently pleaded.  Furthermore, Defendants have not shown that the facts supporting this new argument were discovered since this case was last remanded.  *Cf. Jernigan v. Ashland Oil*, 989 F.2d 812, 814 (5th Cir. 1993) (concluding removal was proper *after* defendant discovered facts showing non-diverse defendants had been improperly joined).  Defendants acknowledge and emphasize that: (1) no discovery was conducted and nothing has changed in the case since it was remanded the first time; (2) the law on this issue is clearly defined; and (3) the facts are undisputed.  Thus, it is unclear why this ground was not raised when Defendants removed the case the first time and was instead asserted for the first time on December 29, 2010, when Defendants moved for summary judgment in state court after the case was remanded.  At the latest, Defendants were aware of facts supporting this argument by December 14, 2010, the date of  Schloessmann's affidavit, which was submitted in support of Defendants' summary judgment motion.

Schloessmann's affidavit reveals that the facts contained therein were either maintained in the records of Defendant Countrywide Securities Corporation as part of its regular business practice or publicly filed with the Securities Exchange Commission in 2006.  The only reasonable inference therefore is that this information has always been in Defendants' possession or publicly available.  Defendants, however, did not remove the case a second time until February 14, 2011.  Because Defendants clearly could have but did not raise this "new" improper or fraudulent pleading ground when they removed the case the first time in March 2010, it cannot serve as a basis for Defendants

second removal in February 2011,[2] and the case must be remanded unless Defendants' contention

is correct, that is, the state court order granting Defendants' motion for partial summary judgment

qualified as a new event that triggered Defendants' right to remove the case a second time under the

second paragraph of section 1446(b).  In order to make this determination, the court must first

consider whether the voluntary-involuntary rule applies.

### B.      Applicability of the Voluntary-Involuntary Rule

As previously stated, Defendants contend that the voluntary-involuntary rule applies only

in diversity cases, not federal question cases, although the court notes that Defendants' notice of

removal was based in part on diversity jurisdiction.  For support, Defendants cite and attempt to

distinguish the Supreme Court's opinion in *Great N. Ry. Co. v. Alexander*, 246 U.S. 276 (1918),

from this case on the grounds that *Alexander* did not include an original pleading with both

removable and nonremovable claims and a subsequent order dismissing the nonremovable claim.

Defendants further contend that because the voluntary-involuntary rule does not apply, it is

irrelevant that the state court's order is appealable.  The court disagrees.

The voluntary-involuntary rule refers to a rule developed by courts that "a case

nonremovable on the initial pleadings could become removable only pursuant to a voluntary act of

the plaintiff . . . ."  *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967) (explaining the

history of how the rule developed).  The rule was consistently applied until 1949 when section

1446(b) was amended to permit removal of cases not removable on the initial pleading.  *Id.* at 547.

---

[2] Having determined that Defendants' new improper or fraudulent pleading argument cannot serve
as a basis for a second removal for procedural reasons, the court need not address the merits of Defendants'
contention that Plaintiff's 1933 Act claim is baseless because Section 12(a)(2) liability cannot attach outside
of the period in which delivery of a prospectus is required.

The issue in *Weems* was whether the voluntary-involuntary rule applied to a directed verdict. After a directed verdict was entered by the state court on the plaintiff's claims against a nondiverse defendant, the remaining defendant, Dreyfus, removed the case to federal court based on the directed verdict. *Id.* at 546-47. The plaintiff subsequently filed a motion to remand, which was denied. *Id.* at 547. On appeal, Dreyfus argued similarly to Defendants in this case that removal was proper because the directed verdict qualified as an "order" under section 1446(b). *Id.* Dreyfus further contended that the voluntary-involuntary rule did not apply, because amended section 1446(b)'s reference to an order from which it first is ascertainable that the case is removable, was evidence that Congress intended to abolish the voluntary-involuntary rule. *Id.* The *Weems* court disagreed and held that the rule survived the 1949 amendment to section 1446(b). *Id.* at 546.

> Although not frequently addressed by courts, the rationale for the rule is to:
>
> prevent[] removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts. This avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts. On the other hand, that danger does not arise where a plaintiff voluntarily drops a resident defendant since appeal then is not available, and the elimination of the resident defendant from the case is final.

*Id.* at 546. The court went on to note that "[t]he manner in which the resident defendant was dismissed in the instant case, by a directed verdict, is the classic situation where removal long has been denied for good reason. The dismissal, wholly involuntary to the plaintiff, is not final in the sense that it is appealable in the state courts." *Id.* at 548. The court therefore held that the directed verdict in favor of the resident defendant, and against the plaintiff, did not make the case removable. *Id.* at 549.

While it is true that *Weems* was a diversity case and application of the voluntary-involuntary rule arises most often in diversity cases, it is also applicable in nondiversity cases where subject matter jurisdiction is based on a federal question. *See Alexander*, 246 U.S. at 281-82; *California v. Keating,* 986 F.2d 346, 348 (9th Cir. 1993) ("[W]hen an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the 'voluntary/involuntary rule.'") (citations omitted); *Dowd v. Alliance Mortg. Co.*, 339 F. Supp. 2d 452, 455 (E.D.N.Y. 2004); *Morsani v. Major League Baseball*, 79 F. Supp. 2d 1331, 1333 n.5 (M.D. Fla. 1999); *Henderson v. Southern States Police Benevolent Ass'n, Inc.*, No. 1:02-CV-045, 2002 WL 32060139, at *6 (E.D. Tenn. Mar. 15, 2002) ("[T]he voluntary-involuntary rule is also applicable in nondiversity cases where federal subject matter jurisdiction is based on a federal question.").  The court sees no reason why the distinction noted by Defendants would make the voluntary-involuntary rule or the holding in *Alexander* inapplicable in federal question cases such as this.  Although *Alexander* did not involve a state court order dismissing the plaintiff's nonremovable claim, it is otherwise factually similar.  *See Alexander*, 246 U.S. at 280-81.  Moreover, the Court in *Alexander* did not distinguish between federal question and diversity cases with regard to section 1446(b)'s restriction against removal when the circumstance or basis for removal is not a consequence of the plaintiff's actions.  *Id*. at 281.  Rather, absent a fraudulent purpose to defeat removal, the plaintiff is entitled to determine the removability of a case by the allegations in his complaint.  *Id*. at 282.

More importantly, the Court made clear that whether a case that is nonremovable when commenced can become removable at a later date depends not on what the defendant alleges or proves or what the court may order after a hearing on the merits.  *Id.*  Instead, removal is based

"solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion." *Id.* Thus, if a suit is not removable when filed, it must remain in state court until a voluntary act by the plaintiff brings about a change that makes the suit removable. *Id.*; *see also S.W.S. Erectors, Inc.* 72 F.3d at 494; *Keating,* 986 F.2d at 348. Accordingly, the court concludes that the voluntary-involuntary rule applies to Defendants' removal of this action under the second paragraph of section 1446(b).

### C.     Whether the State Court's Order Made the Action Removable a Second Time

The court therefore considers whether the state court order granting Defendants' summary judgment motion constitutes an "order" under section 1446(b). Numerous courts that have addressed the matter have held that an order not resulting from agreement or voluntary action by the plaintiff, is not the sort of order contemplated by the second paragraph of section 1446(b).[3] In

---

[3] *See, e.g., Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71-72 (7th Cir. 1992) (holding that case did not become removable upon order granting summary judgment and dismissing nondiverse defendant because the dismissal was involuntary with respect to the plaintiff); *Barron v. Werner Enter., Inc.*, 462 F. Supp. 2d 1217, 1218-20 (M.D. Ala. 2006) (order granting motion to dismiss filed by defendant was not the voluntary act of the plaintiff or final and therefore did not permit removal); *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 993 (D. Nev. 2005) ("Defendants cannot . . . assert that this case became removable solely by virtue of the state court's grant of summary judgment in favor of [] Defendants. The grant of summary judgment was not a voluntary act on the part of Plaintiffs and cannot serve as the basis for removal."); *Mumfrey v. Anco Insulations, Inc.*, No. Civ. A. 11-2284, 2011 WL 4745626, at *3 (E.D. La. Oct. 7, 2011) (plaintiff's failure to file a response in opposition to the defendant's summary judgment motion did not make the motion or order granting it a voluntary act of the plaintiff where plaintiff's counsel clearly demonstrated that he did not acquiesce); *Montgomery v. Long-Lewis, Inc.*, No. 2:10-CV-21-RDP, 2010 WL 6558022, at *7 (N.D. Ala. July 2, 2010) (permitting post-dismissal removal based on a contested motion for summary judgment would undercut the strong policy favoring a plaintiff's choice of forum, but where the plaintiff informs the court that it is not opposed to the motion, the voluntary dismissal satisfies the voluntary-involuntary rule); *Lipari v. Gen. Elec. Co.*, No. 06-0573 CV WFJG, 2006 WL 3462974, at *2-3 (W.D. Mo. Nov. 29, 2006), *aff'd*, 354 Fed. Appx. 269 (8th Cir. 2009) (noting that an order granting a directed verdict or summary judgment motion is not considered voluntary as to the plaintiff and therefore, does not make the cause removable); *CIT Group/Consumer Fin., Inc. v. Landamerica*, No. 6:06CV353 KKC, 2006 WL 3043418, at *2-3 (E.D. Ky. Oct. 24, 2006) (concluding that "[a] default judgment, like summary judgment, is not a voluntary act of the plaintiff" and removal was premature because the order was not final); *Fry Metals Inc. v. Cheng*, No. Civ. A. 94-5206 (AMW), 1995 WL 138945, at *3 (D. N.J. March 28, 1995) (holding that courts draw a distinction between a state judge granting a defendant's motion to dismiss, which does not make the action removable,

*Whitcomb v. Smithson*, the seminal case on the voluntary-involuntary rule, the court emphasized that

the state court's dismissal of the remaining resident defendant "was a ruling on the merits, and not

a ruling on the question of jurisdiction. It was adverse to plaintiff, and without his assent, and . . .

did not operate to make the cause then removable . . . ." 175 U.S. 635, 638 (1900); *see also*

*Alexander*, 246 U.S. at 281 ( nonremovable case cannot be converted into a removable one by a

court order "upon any issue tried upon the merits . . ."). Moreover, as noted by other courts in

similar situations, the dispositive issue is "not when the state court first put its stamp on the matter,"

but instead when the defendant "was first able to ascertain that the case was removable." *Gray v.*

*Rite Aid Corp.*, 189 F. Supp. 2d 347, 349 (D. Md. 2002); *Fehlman v. McCaffrey*, No.

CV-10-122-ST, 2010 WL 1959534, at *4-5 (D. Or. Apr.14, 2010) (concluding that the state court's

order granting defendant's summary judgment motion was "of no consequence" because defendants

---

and the plaintiff voluntarily terminating the action as to a nondiverse party, which does make the action removable); *Shemp v. Yamaha Corp.*, No. 2:06-CV-00565-KD-GWF, 2006 WL 2669185, at *3 (D. Nev. Sept. 18, 2006) (state court order granting summary judgment was involuntary to the plaintiff in that it resulted from a motion filed by the defendant); *Lidgerwood Pub. Sch. v. Cole Papers, Inc.,* No. A3-02-136, 2003 WL 288469, at *3 (D. N.D., Feb. 7, 2003) (summary judgment was involuntary as to the plaintiff; the voluntary-involuntary rule therefore precluded removal); *Knotts v. Zurich Ins. Co.*, No. Civ. A. 3:98CV-115-S, 1998 WL 34078431, at *1-2 (W.D. Ky. July 24, 1998) (involuntary dismissal of a non-diverse defendant as result of court granting a summary judgment motion cannot create a basis for removal jurisdiction); *Huffaker v. ABC Ins. Co.*, No. Civ. A. 94-2862, 1994 WL 658471, at * 1-2 (E.D. La., Nov. 22, 1994) (citing cases in which summary judgment orders were held to not support removal and concluding that order dismissing claim against defendant that was not presented first to a medical review panel was not a voluntary act of the plaintiff and subject to appeal); *Jenkins v. Nat'l Union Fire Ins. Co.*, 650 F. Supp. 609, 611 (N.D. Ga. 1986) (The transfer of venue was not due to any voluntary act of the plaintiff but was instead "the result of either the defendant's or the court's acting against the wish of the plaintiff") (citation omitted); *Saylor v. Gen. Motors Corp.*, 416 F. Supp. 1173, 1175 (E.D. Ky. 1976) (order granting defendant's motion for summary judgment was not the result of a voluntary act by the plaintiff). *Cf. Hammons v. Ohio Cas. Ins. Co.*, No. Civ. A. 09-30-KS, 2009 WL 997098, at *2 (E.D. Ky. Apr. 14, 2009) (agreed settlement and order dismissing claims against a defendant constituted a voluntary dismissal even though the plaintiff subsequently objected to the case being removed as a result of the dismissal); *Johnson v. Snapper Div. of Fuqua Indus., Inc.*, 825 F. Supp. 127, 128-29 (E.D. Tex. 1993) (although summary judgment was involuntary and adverse to plaintiffs, case became removable because plaintiffs subsequently severed claims against non-diverse defendants voluntarily).

**Memorandum Opinion and Order – Page 14**

already possessed sufficient information to remove and therefore did not need to await entry of an order in state court dismissing the nondiverse defendant before removing); *Dougherty v. Petco Southwest, Inc.*, No. 4:10-CV-0133, 2010 WL 2231996, at *5-6 (S.D. Tex. May 28, 2010) (state court order granting defendant's summary judgment motion did not create an opportunity for the defendant to remove that which was not previously available because the defendant could have, but failed to remove the case based on improper joinder when the case was first filed in state court and opted instead to have the state court decide the issue, thereby waiving the right to removal); *Riverdale Baptist Church v. Certainteed Corp.*, 349 F. Supp. 2d 943, 953-54 (D. Md. 2004) ("[T]he ground for removal need not appear beyond a reasonable doubt in a court order before the right to effect a removal may be unmistakably apparent."). Because the state court order and Defendants' summary judgment motion were the result of action by Defendants rather than Plaintiff, and the order is subject to appeal, neither the motion nor the order granting the motion can serve as a basis for removal under section 1446(b). The court also disagrees with Defendants' contention that the state court order and dismissal of Plaintiff's 1933 Act claim constitutes a finding that the claim was improperly or fraudulently pleaded.[4] Other than dismissing Plaintiff's claim under the 1933 Act, the one-page order entered by the state court contains no findings or analysis as to its reasoning. Such adverse summary judgment determination is not equivalent to a ruling that Plaintiff's failure

---

[4] Such an argument misses the mark. A motion for failure to state a claim upon which relief can be granted merely tests the sufficiency of a party's pleadings, that is, whether the party has stated a claim that is plausible on its face. It is based entirely on the pleadings. A summary judgment is based on whether there is evidence or proof to support a plaintiff's claim. A plaintiff can adequately state a claim, and that claim may later be dismissed by summary judgment because of no evidence or insufficient evidence to create or raise a dispute of material fact. Furthermore, if the court were to accept Defendants' position that every state court order dismissing a claim or nondiverse defendant is tantamount to a finding of fraudulent or improper joinder, this exception would swallow the voluntary-involuntary rule.

to state a cognizable securities claim under the 1933 Act was obvious.  Until the summary judgment briefing and ruling, a reasonable possibility existed that Plaintiff could succeed on the merits of its claim, and according to Plaintiffs, the appellate process still leaves this possibility open. Consequently, since the case was remanded by Judge Kinkeade, there has been no paper or document to start the removal clock for a second removal under section 1446(b).  As nothing exists to start the removal clock, Defendants have no right to remove, and the 30-day time period is quite beside the point.

### IV.    Attorney's Fees and Costs

Plaintiff requests an award of attorney fees and costs incurred in the motion to remand. When removal is determined to be improper, courts have discretion in awarding attorney's fees to reimburse a plaintiff for costs associated in obtaining a remand.  28 U.S.C. § 1447(c). Absent unusual circumstances, however, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal.  *See Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005); *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 293 (5th Cir. 2000).  Given the somewhat unique nature of Plaintiff's 1933 Act claim and the case's procedural history, as well as the potential impact of the voluntary-involuntary rule and the improper joinder exception, the court concludes that an objectively reasonable basis arguably existed for the removal.  In other words, reasonable minds could differ whether this case was removable.  The court therefore concludes that the imposition of costs and fees is not warranted.

**V.      Conclusion**

For the reasons stated herein, none of the grounds relied on by Defendants entitles them to remove the case a second time at, and Defendants failed to meet their burden of establishing that the procedural requirements for removal under 28 U.S.C. § 1446(b) were met.  The court therefore **grants** Plaintiff Nexbank's Second Motion to Remand.  Plaintiff's request for fees and costs is **denied.**  The court, pursuant to 28 U.S.C. § 1447(c), **remands** this action to the 160th Judicial District Court, Dallas County, Texas, from which it was removed.  The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 28th day of October, 2011.

Sam A. Lindsay
United States District Judge